**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4957-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARLIN SCHNEEBERGER,

     Defendant-Appellant.

_____

Argued October 29, 2019 – Decided November 8, 2019

Before Judges Fisher, Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Municipal Appeal 12-16.

Suzanne Axel argued the cause for appellant (Law Offices of Brian J. Neary, attorneys; Brian J. Neary, of counsel; Suzanne Axel, of counsel and on the brief).

Erin M. Campbell, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Alanna M. Jereb, Assistant Prosecutor on the brief).

PER CURIAM

Defendant Marlin Schneeberger appeals from her conviction in the Law Division for the disorderly persons offense of obstructing the administration of law, N.J.S.A. 2C:29-1(a), for which the judge imposed $158 in fees and costs. Because of the confusion generated by another defendant's involvement, the Law Division judge mistakenly failed to make findings about the charges brought against this defendant; consequently, we remanded the matter to the Law Division. State v. Schneeberger, No. A-2220-16 (App. Div. Apr. 10, 2018) (slip op. at 2), certif. denied, 236 N.J. 30 (2018). Following our remand, the Law Division judge heard oral argument, and based on the testimony previously presented, found there was sufficient credible evidence to support defendant's conviction of obstruction.

Defendant appeals again. In this appeal, she argues the Law Division judge: (1) erred in finding her guilty of obstructing the administration of law, N.J.S.A. 2C:29-1(a); (2) improperly admitted her inculpatory statements into evidence; and (3) failed to remedy an alleged conflict of interest. The second and third arguments were raised in the earlier appeal and were found to lack merit, Schneeberger, slip op. at 6, so we need not consider them again. We find defendant's first argument, which addresses the sufficiency of the judge's fact

A-4957-17T4

finding, lacks sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Defendant's conviction is based on events that arose when police officers responded to her neighborhood. Defendant had caused a disturbance because a neighbor allowed a construction crane to enter the driveway defendant and this neighbor shared. After the construction crane was moved, with aid from the officers, an altercation ensued between defendant and the officers. This altercation resulted in defendant's arrest; she was charged with: resisting arrest, N.J.S.A. 2C:29-2(a)(3)(b); creating a false public alarm, N.J.S.A. 2C:33-3(e); obstructing the administration of law, N.J.S.A. 2C:29-1(a); and disorderly conduct, N.J.S.A. 2C:33-2(a)(1). The resisting arrest charge was reduced to a charge of disorderly persons offense of obstruction, and the fourth-degree false public alarm charge was reduced to a disorderly persons harassment charge, N.J.S.A. 2C:33-4(a).

Defendant was convicted of all charges in municipal court. She then appealed, and a Law Division judge found her guilty only of obstruction. As mentioned, we remanded for further findings. Schneeberger, slip op. at 2.

To violate N.J.S.A. 2C:29-1(a), one must not only "purposely obstruct[], impair[] or pervert[] the administration of law" but must do so through one of

3

the specifically enumerated acts in the statute, through "physical interference or obstacle," or through an "independently unlawful act." State v. Fede, 237 N.J. 138, 148 (2019). "[C]riminal liability under N.J.S.A. 2C:29-1 requires an affirmative act or some affirmative interference." Id. at 149.

Following our remand, the Law Division judge found Sergeant David Pitts credible. He testified that immediately after defendant was informed she was being placed under arrest for creating a false public alarm, defendant began to "protest" by pulling herself away from the officers, flailing her arms, and refusing to place her hands behind her back to be handcuffed. The judge also found credible Sergeant Pitts' testimony that defendant argued with the officers and voiced her refusal to comply with their commands during the arrest. According to the judge's interpretation of the evidence, defendant's conduct satisfied all the elements of the offense for which she was convicted. That the officer may have later overreacted could not excuse defendant's earlier obstructing actions.

Our standard of review requires deference to a judge's findings of fact when supported by sufficient credible evidence. State v. Johnson, 42 N.J. 146, 162 (1964). Defendant has presented no principled reason to second-guess the judge's findings, and we decline to do so.

A-4957-17T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4957-17T4